William J. Flynn, State Bar No. 95371
Scott M. De Nardo, State Bar No. 216749
Benjamin K. Lunch, State Bar No. 246015
NEYHART, ANDERSON, FLYNN & GROSBOLL
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: sdenardo@neyhartlaw.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| LOCAL 234 of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ADM ELECTRIC, INC., a California Corporation; and, G. DEAN ALLEMAND, an Individual,<br><br>Defendants. | Case No.  C-07-4079 SC<br><br>**NOTICE OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ADM ELECTRIC, INC. and G. DEAN ALLEMAND & MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**<br><br>[F.R.C.P. Rule 55(a)]<br><br>Date:       April 25, 2008<br>Time:      10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Location:   450 Golden Gate Ave.<br>                    San Francisco, CA 94102<br>Judge: Hon. Samuel Conti |

PLEASE TAKE NOTICE that on Friday, April 25, 2008 at 10:00 a.m., or as soon thereafter as this matter may be heard before U.S. District Court Samuel Conti, in Courtroom 1 on the 17th Floor at the U.S. District Courthouse, 450 Golden Gate Avenue located in San Francisco, California 94102, Plaintiffs LOCAL 234 of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' UNION, LOCAL 234 EDUCATIONAL AND TRAINING FUND; ELECTRICAL WORKERS HEALTH & WELFARE TRUST FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; and, KEN SCHERPINSKI, as Trustee of the Plaintiff Trusts and Business Manager/Financial Secretary of I.B.E.W. Local 234 (hereinafter collectively referred to as the "Plaintiffs", "Trusts" or "Funds") will move this court for default judgment against Defendants ADM ELECTRIC, INC., a California Corporation; and, G. DEAN ALLEMAND, an Individual as well as an Order compelling Defendants to produce missing monthly transmittals.

The motion is supported by the Points and Authorities filed herewith, the Declarations of Scott M. De Nardo and Mira Arizmendez filed herewith and the entire file in this action. Default against Defendants ADM ELECTRIC, INC. and G. DEAN ALLEMAND was entered on September 28, 2007.

Judgment is sought against Defendants ADM ELECTRIC, INC. and G. DEAN ALLEMAND, jointly and severally, pursuant to a settlement agreement, executed on June 26, 2006, a collective bargaining agreement and 29 U.S.C. § 1132(g) in the amount of $81,031.59 plus $16.67 per day after January 31, 2008 until judgment is entered.

1
2  Dated: February 28, 2008                    Respectfully submitted,
3                                              NEYHART, ANDERSON,
4                                              FLYNN & GROSBOLL
5                                              By:   /s/ Benjamin K. Lunch
                                                   Scott M. De Nardo
6                                                  Benjamin K. Lunch
7                                              Attorneys for Plaintiffs
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## INTRODUCTION

This is essentially an ERISA collection case. Defendant ADM ELECTRIC, INC. ("ADM Electric") is an electrical industry contractor primarily engaged in the business of installation and testing of electrical wiring and circuits in and around Monterey, California who has a contract with Plaintiff LOCAL 234 of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (the "Union"). (Complaint ¶ 5). The contract requires that ADM Electric submit monthly transmittals and contributions to Plaintiffs INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' UNION, LOCAL 234, EDUCATION AND TRAINING FUND; ELECTRICAL WORKERS HEALTH & WELFARE FUND; and, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN (hereinafter, the "Trusts" or "Funds") based on the number of hours of covered work for employees represented by the Union. (Complaint ¶¶ 5 and 7). The Trusts provide benefits to ADM Electric's covered employees based on the hours reported on monthly transmittals. (Complaint ¶ 5). After a review of the monthly reporting of ADM Electric discovered monies owed the Plaintiff Trust Funds, the parties entered into a Settlement Agreement for repayment of the delinquent contributions. Defendant G. DEAN ALLEMAND is an individual and the Chief Executive Officer of ADM Electric, Inc. Mr. Allemand agreed to be personally bound to the terms and conditions of the Settlement Agreement. (Complaint ¶ 7 and Exhibit "C" attached thereto). ADM Electric breached the Settlement Agreement through its failure to make repayments as specified in that Agreement. (Complaint ¶¶ 7, 10 and 20). As a result, Plaintiffs brought this action.

Both Defendants were served on or about September 1, 2007. When an answer was not filed, default was entered on September 28, 2007.

## II.

## **FACTS**

The facts concerning damages are outlined in the Declarations of Scott M. De Nardo and Mira Arizmendez filed concurrently herewith. The parties agreed that the Plaintiffs were owed $61,258.90 in delinquent contributions to the Funds and the Defendants made payments totaling $1,500.00. (Complaint ¶ 7, Exhibit C attached thereto; De Nardo DCN ¶ 2; Arizmendez DCN ¶ 3). Defendants also owe an additional $5,256.30 in delinquent contributions incurred after the date of the Settlement Agreement. (Arizmendez DCN ¶ 4). Plaintiffs also recovered $4,000.00 on Defendants' California Contractors License Board Bond, which was applied to Defendants' delinquent contributions. (De Nardo DCN ¶ 3). Plaintiffs are also owed pre-judgment interest in the amount of $12,480.13 through January 31, 2008 plus $16.67 per day until entry of judgment. (De Nardo DCN ¶ 4).

Therefore, the total known outstanding damages owed to the Trusts are: $61,258.90 (the Settlement Agreement amount) + $5,256.30 (the known amount of the outstanding principal and liquidated damages owed to the Health & Welfare Trust) - $1,500.00 (the total monthly payments made pursuant to the Settlement Agreement) - $4,000.00 (the amount of the recovery from the Contractors License Bond) + interest of $12,480.13 (plus $16.67 per day after January 31, 2008) for a grand total of **$73,495.33** through January 31, 2008, plus $16.67 per day after January 31, 2008 until judgment is entered.

Furthermore, Defendants failed to submit monthly transmittals to the ELECTRICAL WORKERS HEALTH & WELFARE TRUST FUND (the "Health & Welfare Trust") from April 2007 to the present.  (Arizmendez DCN ¶ 5).  Defendants also failed to submit monthly transmittals to the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN ("Pension Plan") from February 2007 to the present. (Arizmendez DCN ¶ 5).  Such transmittals are used to calculate the required monthly contributions to the Trusts.  (Arizmendez DCN ¶ 5).

The attorneys fees and costs sought are detailed in the Declaration of Scott M. De Nardo. Attorneys fees are sought at the rate that is charged the client.  The total sought for fees and costs is $7,536.26.  (DeNardo DCN ¶ 9).

The total judgment sought is, therefore, **$81,031.59**, plus **$16.67** per day after January 31, 2008 until judgment is entered, in addition to an Order compelling Defendants to produce the missing monthly transmittals.

### III.

A.  <u>Merits of Plaintiffs' Substantive Claims for Damages</u>

Damages in this case are governed by 29 U.S.C. § 1132(g)(2) which provides that when a plan receives judgment under 29 U.S.C. § 1145 (the statute allowing plans to sure for unpaid contributions):

> the court shall award the plan--
> (A)   the unpaid contributions,
> (B)   interest on the unpaid contributions,
> (C)   an amount equal to the greater of --
>       (i) interest on the unpaid contributions, or
>           (ii) liquidated damages provided for under the plan in an amount not in excess of 20 Percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (A).
> (D)   reasonable attorneys fees and costs of the action, to be paid by the

Defendant, and

(E) such other legal or equitable relied as the court deems appropriate.

This section further provides that interest under this section is to be determined using the rate provided under the plan, or, in none, the rate prescribed under § 6621 of Title 26.

In this case, the applicable collective bargaining agreement to which Defendant ADM Electric, Inc. is a signatory specifies that the rate of interest to be charged on unpaid principal and liquidated damages to be 10%. (Complaint, Exhibit B, page 34).

In Operating Engineers Pension Trust v. Reed (9th Cir. 1984) 726 F.2d 513, the Court held that the items listed in § 1132(g)(2) are mandatory and the court must award them. There is no discretion.

Moreover, the collective bargaining agreement states that in the event that an employer fails to make required contributions, the employer is liable for all costs of collecting the contributions, including attorneys fees and costs. (Complaint, Exhibit B, page 34).

B.    There Can Be No Material Dispute of Fact as to Defendants' Liability

Before default of judgment may be entered, entry of default must first be entered. FRCP 55. As aforementioned, the default of the Defendants was entered on September 28, 2007.

There could be no dispute of any material fact as to liability. The material facts concerning Defendants being bound to a collective bargaining agreement, their liability thereunder for unpaid employee benefit contributions and the parties agreement for repayment of those contributions, breach of that agreement are admitted by the default, as well as Defendants' obligation to produce monthly transmittals.

## IV.

## **CONCLUSION**

The showing by Plaintiffs herein and in the papers filed herewith is sufficient. Therefore, the Court must award the amounts of $73,495.33 (plus $16.67 per day beyond January 31, 2008) owed on the Settlement Agreement and subsequent delinquent contributions and $7,536.26 in attorneys fees and costs, as well as an Order compelling production of the missing monthly transmittals. Plaintiffs' Motion for Default Judgment should be granted.

Dated: February 28, 2008                             Respectfully submitted,

                                                     NEYHART, ANDERSON,
                                                     FLYNN & GROSBOLL

                                                     By:    /s/ Benjamin K. Lunch
                                                         Scott M. De Nardo
                                                         Benjamin K. Lunch
                                                         Attorneys for Plaintiffs

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 44 Montgomery Street, Suite 2080, San Francisco, California 94104. On February 28, 2008, I served the within:

**NOTICE OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ADM ELECTRIC, INC. and G. DEAN ALLEMAND & MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**

on the parties in said cause following our business practice, with which I am readily familiar. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I placed a true copy of the within document enclosed in a sealed envelope with first class postage thereon fully prepaid for collection and deposit on the date shown below in the United States mail at San Francisco, California addressed as follows:

ADM ELECTRIC, INC.
2120 Santa Rosa Dr
Hollister, CA 95023

G. DEAN ALLEMAND
2120 Santa Rosa Dr
Hollister, CA 95023

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 28, 2008, at San Francisco, California.

_____/s/_____
Ben Lunch