United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 234 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' UNION, LOCAL 234 EDUCATIONAL AND TRAINING FUND; ELECTRICAL WORKERS HEALTH & WELFARE TRUST FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; AND KEN SCHERPINSKI AS TRUSTEE,<br><br>        Plaintiffs,<br><br>   v.<br><br>ADM ELECTRIC, INC., a California Corporation; and G. DEAN ALLEMAND, an Individual,<br><br>        Defendants. | No. C-07-4079 SC<br><br>DEFAULT JUDGMENT |

## I. INTRODUCTION

Plaintiffs brought this action alleging that defendants ADM Electric Corporation ("ADM") and its President, Dean Allemand (collectively "Defendants"), violated the terms of a collective bargaining agreement and the terms of a settlement arising from a previous dispute over the same agreement. See Compl., Docket No. 1. To date, Defendants have not made an appearance or filed a responsive pleading. The Clerk of the Court entered default as to both Defendants on September 28, 2007. Docket No. 7. Plaintiffs

now move the Court for entry of default judgment. Docket No. 11. For the reasons set forth below, the motion is GRANTED. It is hereby ORDERED, ADJUDGED AND DECREED that JUDGMENT shall be entered in favor of Plaintiffs and against Defendants.

**II.   BACKGROUND**

Defendant ADM entered a collective bargaining agreement with Plaintiff Local 234 of the International Brotherhood of Electrical Workers (the "Union"). See Compl. Ex. B ("CBA"). Pursuant to the CBA, ADM was required to submit monthly transmittals and contributions to Plaintiffs IBEW Local 234 Education & Training Fund, Electrical Workers Health & Welfare Trust Fund, and IBEW District 9 Pension Plan (the "Funds," collectively referred to with the Union as "Plaintiffs"). Id. at 28-29. The contributions were supposed to be based on the number of hours of covered work completed by employees represented by the Union. Id. The Funds provide benefits to the covered employees based on hours reported in the monthly transmittals.

When ADM first fell behind in its monthly contributions, the parties entered into the Settlement Agreement, in which Defendants agreed that they owed Plaintiffs $39,104.61 in principal from delinquent contributions, $17,154.29 in liquidated damages, and $5,000 in attorney's fees. See Compl. Ex. C ¶ 2 ("Settlement Agreement"). Pursuant to the Settlement Agreement, Defendants were to pay off this debt, totaling $61,258.90, through monthly payments of $300 for twenty-four months beginning in June 2006, and culminating in a balloon payment of $54,058.90 due on or

2

before July 1, 2008.  See id. ¶ 2(a), (b).  Allemand agreed to be held personally liable for ADM's debts.  Id. at 3.

Following the Settlement Agreement, Defendants submitted monthly payments for June 2006, July 2006, October 2006, November 2006, and December 2006.  Arizmendez Decl. ¶ 3.[1]  Defendants did not make their monthly payments for August or September 2006, and have not made any payments since December 2006.  Id.

In addition to their failure to pay in accordance with the Settlement Agreement, Defendants have also failed to stay current with their monthly contributions to the Funds under the original CBA.  Specifically, Defendants failed to contribute $4,347.00 to the Electrical Workers Health & Welfare Trust Fund for February 2007.  Arizmendez Decl. ¶ 4.  This delinquency resulted in liquidated damages of $434.70.  Id.  Defendants paid $4,746.00 for March 2007, of which $4,347.00 was applied to the delinquent principal for February 2007, and $399.00 was applied towards the March 2007 principal.  Id.  Defendants did not pay the balance of the March contribution, resulting in an additional $474.60 in liquidated damages.  Id.  Thus, apart from the amount owed under the Settlement Agreement, Plaintiffs claim that Defendants owe an additional $4,347.00 in delinquent principal and $909.30 in liquidated damages.  Id.

Defendants have not submitted their monthly transmittals to the Electrical Workers Health & Welfare Trust Fund from April 2007

---

[1] Mira Arizmendez is an employee of the Union and submitted a declaration in support of Plaintiffs' Motion for Default Judgment. Docket No. 12.

3

to the present. Arizmendez Decl. ¶ 5. Defendants have not submitted monthly transmittals to the IBEW District 9 Pension Plan from February 2007 to the present. Id. Plaintiffs use the transmittals to calculate the monthly contributions Defendants are required to make to each of the Funds. Id.

The Funds filed a claim against ADM's California Contractors State License Board Bond, which resulted in a payment of $4,000.00. De Nardo Decl. ¶ 3.[2]

Plaintiffs brought this suit seeking to recover delinquent contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq., and to recover for breach of the Settlement Agreement. See Compl. Plaintiffs seek $5,256.30 plus pre-judgment interest for Defendants' failure to make the March 2007 contribution to the Electrical Workers Health & Welfare Trust Fund, $55,578.90 plus pre-judgment interest for breach of the Settlement Agreement, and an award of reasonable fees and costs.

### III. **LEGAL STANDARD**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.

---

[2] Scott De Nardo is Plaintiffs' attorney. He submitted a declaration in support of Plaintiffs' Motion for Default Judgment. Docket No. 13.

4

1    As a preliminary matter, the Court must "assess the adequacy
2    of the service of process on the party against whom default is
3    requested." <u>Bd. of Trs. of the N. Cal. Sheet Metal Workers v.</u>
4    <u>Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2
5    (N.D. Cal. Jan. 2, 2001).

6    If the Court determines that service was sufficient, it may
7    consider the following factors in its decision on the merits of a
8    motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).  Therefore, for the purposes of this Motion, the Court accepts as true the facts as portrayed in the Complaint.

### IV. DISCUSSION

#### A. Service of Process

Service of process against Defendants was adequate. Defendant ADM was properly served on September 1, 2007. Docket No. 3. Defendant Allemand was also properly served on the same

5

1  date.  Docket No. 4.

2      **B.   Merits of Motion**

3      Having considered all of the Eitel factors, the Court finds
4  default judgment appropriate in this matter.  The prejudice to
5  Plaintiffs absent a judgment is clear.  Defendants' repeated
6  failures to fulfill their obligations under the collective
7  bargaining agreement suggest that absent Court involvement, such
8  failures will continue.  Further, the parties' previous attempt to
9  resolve this dispute is of little value if Defendants refuse to
10 abide by the terms of the Settlement Agreement.  Based on the
11 terms of the Settlement Agreement and the declarations Plaintiffs
12 provided in support of their Motion, it appears likely that
13 Plaintiffs would prevail on all three causes of action in the
14 Complaint.  Defendant Allemand personally accepted service for
15 himself and for ADM, so it is clear that he is aware of the
16 lawsuit, suggesting that his failure to make an appearance or file
17 a responsive pleading is not due to excusable neglect.

18     **C.   Remedy**

19     The Court next determines the appropriate remedy.  Where, as
20 here, a plaintiff brings suit on behalf of an ERISA plan to
21 recover delinquent contributions, and prevails, the Court must
22 award the plaintiff the total of the unpaid contributions,
23 interest on the unpaid contributions, reasonable costs and
24 attorney's fees, and the greater of the interest on the unpaid
25 contributions or the liquidated damages provided in the collective
26 bargaining agreement.  29 U.S.C. § 1132(g)(2)(A)-(D).  The CBA
27 established that the interest rate for delinquent contributions
28

*United States District Court*
For the Northern District of California

would be 10% per annum.  CBA at 34; see also 29 U.S.C. § 1132(g)(2) (court should determine interest at the rate set in the collective bargaining agreement).  The Settlement Agreement provides that if Defendants fail to pay as agreed, liquidated damages and interest will be assessed.  Settlement Agreement ¶ 2.  Both the CBA and the Settlement Agreement provide, as does the statute, for Plaintiffs to recoup their reasonable attorney's fees and costs necessary to recover the delinquent contributions.  See id.; CBA at 34.

Based on the foregoing, the Court calculates the award as follows:

1. Breach of Settlement Agreement

Pursuant to the Settlement Agreement, Defendants owed Plaintiffs $39,104.61 in unpaid contributions and $17,154.29 in liquidated damages, for a total of $56,258.90 in damages, plus $5,000 in attorney's fees.  The damages were offset by five monthly payments of $300.00 (totaling $1,500.00) and a $4,000.00 recovery from Defendants' bond, reducing the total damages to $50,758.90.  Interest began accruing on the damages on November 1, 2005, at a rate of 10% per year.[3]  The contract is silent on the method of compounding interest.  However, where a collective bargaining agreement does not set an interest rate on delinquent contributions, interest is calculated at the rates established in 26 U.S.C. § 6621.  See 29 U.S.C. § 1132(g)(2).  Interest calculated in accord with 26 U.S.C. § 6621 is compounded daily.

---

[3] Nothing in the Settlement Agreement suggests that interest would accrue on the $5,000 in attorney's fees.

7

26 U.S.C. § 6622(a). The Court therefore calculates interest at an annual rate of 10%, compounded daily from November 1, 2005, until the date of this Order. This results in $50,578.90 in damages, $15,829.66 in interest, and $5,000 in attorney's fees, for a total of $71,408.56.

### 2. Further Delinquent Contributions

Defendants owe an additional $4,347.00 in unpaid contributions and $909.30 in liquidated damages resulting from their failure to pay the March 2007 contribution to the Electrical Workers Health & Welfare Trust Fund. Pursuant to the terms of the CBA, the March 2007 contribution became delinquent on April 15, 2007. The Court therefore calculates interest at an annual rate of 10%, compounded daily from April 15, 2007, until the date of this Order. This results in $5,256.30 in damages and $712.42 in interest, for a total of $5,698.72.

### 3. Fees and Costs

The $5,000 in attorney's fees and costs included in the Settlement Agreement only accounts for fees incurred up to the effective date of that agreement. See De Nardo Decl. ¶ 3. Plaintiffs' counsel has submitted 29 pages of highly-detailed invoices, including contemporaneous time entries, for the period from November 2006 through January 2008. The total requested for fees and costs is $7,536.26. Having reviewed the documentation accompanying Mr. De Nardo's declaration, as well as the rest of the filings in this case, the Court finds this total to be reasonable and awards Plaintiffs $7,536.26.

///

8

#### 4. Total

The total award for all of the unpaid contributions, liquidated damages, pre-judgment interest, and reasonable attorney's fees and costs is therefore $84,643.54.

### V. CONCLUSION

For the foregoing reasons, the Court finds default judgment appropriate in this matter. JUDGMENT in the amount of $84,643.54 shall be entered in favor of Plaintiffs and against Defendants. This award is in satisfaction of all delinquent contributions included in the parties' Settlement Agreement and the delinquent March 2007 contribution, and the associated pre-judgment interest and attorney's fees.

Defendants are further ordered to submit to Plaintiffs the monthly transmittals required under the CBA for the Electrical Workers Health & Welfare Trust Fund from April 2007 to the present and for the IBEW District 9 Pension Plan from February 2007 to the present. This judgment in no way limits Plaintiffs' rights to seek statutory or contractual remedies for any delinquencies they should discover in reviewing these transmittals.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: July 21, 2008

_____
UNITED STATES DISTRICT JUDGE